IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **GLASTON GERMANY GmbH, GLASTON FINLAND OY, and GLASTON AMERICA, INC.,** : : : : | Civil Action No. 3:23-cv-00520 _____ | |
| **Plaintiffs,** : : | | |
| v. : : | | |
| **SOLAR SEAL, LLC and NAVERRA GLASS LLC f/k/a SOLAR SEAL ARCHITECTURAL, LLC** : : : : | | |
| **Defendants.** : : : | April 25, 2023 | |

## VERIFIED COMPLAINT

Plaintiffs Glaston Germany GmbH ("Glaston Germany"), Glaston Finland Oy ("Glaston Finland") and Glaston America, Inc. ("Glaston America") (collectively, "Glaston" or "Plaintiffs"), by and through their undersigned counsel, Pullman & Comley LLC, and for their Verified Complaint against Defendants Solar Seal, LLC ("Solar Seal") and Naverra Glass LLC f/k/a Solar Seal Architectural LLC ("Naverra")(collectively, "Defendants") allege, upon knowledge as to themselves and their own acts, and as to all other matters, upon information and belief, as follows:

### NATURE OF THIS ACTION

1. This is a commercial collection action, in which the Plaintiffs seek to recover all amounts that are due and unpaid from Defendants with respect to their purchase of multi-million dollar glass-tempering machines and parts. The Defendants have paid only a portion of the

amounts due under the respective contracts and purchase orders leaving an unpaid balance of approximately $900,000.00 exclusive of interest, late fees and costs. Despite repeated demands for payment over a period of months, the Defendants have failed to pay the amounts due and owing under the contracts. As such, the Plaintiffs seek recovery under theories of breach of contract, unjust enrichment and the Connecticut Unfair Trade Practices Act.

## PARTIES

2. Plaintiff Glaston Germany is a corporation organized and existing under the laws of Germany with its principal place of business at Karl-Lenhardt-Strasse 1-9, 75242, Neuhausen-Hamberg, Germany.

3. Plaintiff Glaston Finland is a corporation, organized and existing under the laws of Finland with its principal place of business at Vehmaistenkatu 5, 33730 Tampere, Finland.

4. Plaintiff Glaston America is a corporation, organized and existing under the laws of Commonwealth of Pennsylvania, with its principal place of business at 100 Dobbs Lane, Suite 102, Cherry Hill, New Jersey 08034.

5. Defendant Solar Seal, LLC is a limited liability company, organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 55 Bristol Drive, South Easton, Massachusetts 02375.

6. Defendant Naverra Glass is a limited liability company, organized and existing under the laws of the State of Connecticut with its principal place of business at 40 Wisconsin Avenue, Norwich, Connecticut 06360-1533.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. § 1332(a)(2), this Court has jurisdiction of this matter under diversity of citizenship jurisdiction because Plaintiffs Glaston Germany and Glaston Finland are

citizens of foreign states and Plaintiff Glaston America is a citizen of Pennsylvania while Defendants Solar Seal and Naverra Glass are citizens of Massachusetts and Connecticut, respectively, and because Plaintiffs seek damages in excess of $75,000.00.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in this district because a substantial part of the property that is the subject of this action is located in Connecticut.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### A. The Formation, Ownership and Relationship of the Defendant Corporations

9. On May 20, 2021, Solar Seal, LLC was organized in Massachusetts.

10. According to its Certificate of Organization, Daniel Ozen is the managing member of Solar Seal.

11. Approximately, one (1) year later, on August 25, 2022, Solar Seal Architectural LLC ("Solar Seal Architectural") was organized in Connecticut.

12. According to its Certificate of Organization, Jeremy Ozen is the managing member of Solar Seal Architectural.

13. Upon information and belief, Jeremy Ozen and Daniel Ozen are brothers and are both officers in O3 Industries, LLC ("O3 Industries"), along with their father, Michael Ozen.

14. Upon information and belief, Jeremy Ozen is the CEO of O3 Industries and Daniel Ozen is the President of O3 Industries.

15. On January 31, 2023, Solar Seal Architectural changed its name to Naverra Glass, LLC.

### B. The Glaston TPS IG Contract with Glaston Germany

16. On or about September 9, 2021, Solar Seal, as buyer, placed an order with Glaston Germany, as seller, for the purchase of a glass tempering machine known as an

insulating glass production line Glaston JUMBO TPS for max. dimensions 2700 x 6000 mm (the "Glaston TPS IG") pursuant to that certain purchase order (the "Purchase Order"). A true and correct copy of the Purchase Order is attached hereto as **Exhibit A**.

17. The parties subsequently executed that certain Confirmation of Order (the "Glaston TPS IG Contract"). A true and correct copy of the Glaston TPS IG Contract is attached hereto as **Exhibit B**.

18. Pursuant to the Purchase Order and Glaston TPS IG Contract, the purchase price was $3,450,000.00 (the "Purchase Price") to be paid as follows:

   a. 10% ($345,000) – Down payment within 5 days of order confirmation;

   b. 10% ($345,000) – 50 days of order confirmation;

   c. 10% ($345,000) – 100 days of order confirmation;

   d. 10% ($345,000) – 150 days of order confirmation;

   e. 20% ($690,000) – 14 days before date of dispatch;

   f. 20% ($690,000) – 50 days after date of dispatch;

   g. 15% ($517,500) – 14 days after final acceptance (latest 90 days after dispatch);

   h. 5% ($172,500) – Final within 45 days operation after acceptance (latest 120 days after dispatch).

(Exhibit B, Glaston TPS IG Contract at p. 5).

19. Pursuant to both the Purchase Order and the Glaston TPS IG Contract, the Glaston TPS IG was to be delivered to "Solar Seal LLC, 40 Wisconsin Avenue, Norwich, Connecticut 06360" (the "Norwich Location"). (Exhibit A and B, Glaston TPS IG Contract at p.6).

20. From approximately September, 2021 through May, 2022, Solar Seal and/or Naverra made payments to Glaston Germany in the total amount of $2,772,500 pursuant to the terms of the TPS IG Contract.

21. The Glaston TPS IG shipped from Glaston Germany on June 30, 2022 and was delivered to the Norwich Location shortly thereafter.

22. Pursuant to the terms of the Glaston TPS IG Contract, payment in the amount of $690,000.00 was due 50 days after the date of delivery or about August 20, 2022.

23. On or about July 5, 2022, a representative of Solar Seal requested that Glaston Germany update its records "to reflect the proper business name" of the purchaser of the TPS IG as Solar Seal Architectural LLC with a business address of 40 Wisconsin Drive, Norwich, CT 06360.  The representative further explained that, "[w]hen we originally ordered the equipment we didn't have the full business established, so we utilized our existing PO system to get equipment moving.  Now that we are nearing startup at the CT site we have founds [sic] some errors that require updating in our records.  These records were to be updated, though it appears this fell through the cracks over the past few months.  Please ensure you respond to this email acknowledging the proper PO 281 is tagged per the above Legal Business Name & that all future paperwork, invoices etc. are tagged with the proper Legal Business Name and Address."

24. Approximately one month later, or about August 11, 2022, Glaston Germany sent Solar Seal invoice #240005155 for payment on the Glaston TPS IG.

25. In response, on August 12, 2022, a representative of Solar Seal communicated to Glaston Germany that it could not process payment for the Glaston TPS IG until such time as the invoice was revised to reflect the following: "Legal Business Name: Solar Seal Architectural LLC" with a "Business Address: 40 Wisconsin Drive, Norwich, CT 06360."

26. Glaston Germany agreed to issue a new invoice to Solar Seal Architectural LLC upon receipt of an updated purchase order.

27. On September 7, 2022, Solar Seal sent Glaston Germany a new Purchase Order dated September 6, 2022 identifying the buyer as Solar Seal Architectural LLC with a "ship to" address of 40 Wisconsin Avenue, Norwich, CT 06360 (the "Modified Purchase Order"). A true and correct copy of the Modified Purchase Order dated 9/6/22 is attached hereto as **Exhibit C**.

28. On September 29, 2022, Solar Seal Architectural wired the amount of $702,500.00 to Glaston Germany for amounts due at that time in accordance with the Glaston TPS IG Contract.

29. On December 15, 2022, Solar Seal Architectural acknowledged that the Glaston TPS IG met all requirements for production and accepted same as evidenced by the Glaston International Acceptance Report (the "Acceptance Report"). A true and correct copy of the Acceptance Report is attached hereto as **Exhibit D**.

30. In accordance with the Glaston TPS IG Contract, the remaining balance due and owing Glaston Germany in the amount of $758,563.32 was to be paid at the latest by November 5, 2022. A true and correct copy of the Open Item list dated March 13, 2023, evidencing the outstanding balance (exclusive of interest, late fees and penalties) is attached hereto as **Exhibit E**.

31. Despite repeated demands for payment over the past eight (8) months, neither Defendant Solar Seal nor Defendant Solar Seal Architectural n/k/a Naverra have paid the amounts due Glaston Germany with respect to the Glaston TPS IG.

32. On April 11, 2023, Plaintiff Glaston Germany sent a notice of default (the "Default Notice") to Defendants Solar Seal and Naverra in accordance with Section 15 of the

TPS IG Contract and a 10-day opportunity to cure the outstanding arrearage. Attached hereto as **Exhibit F** is a true and correct copy of the Default Notice.

33. The Defendants have failed to pay the amounts demanded in the Default Notice with respect to the TPS IG Contract.

### C. The FC Series Contract with Glaston Finland

34. On or about September 20, 2021, Solar Seal, as buyer, placed an order with Glaston Finland, as seller, for the purchase of that certain Glaston, FC Series 2860-380 flat tempering furnace (the "FC Series Furnace") pursuant to that certain Sales Agreement No. 00037416 (the "FC Series Contract"). A true and correct copy of the FC Series Contract is attached hereto as **Exhibit G**.

35. Pursuant to the FC Series Contract, the purchase price was $2,325,000.00 (the "Purchase Price") to be paid as follows:

    a. 10% ($232,500) – Down payment within 5 days of signing the FC Series Contract;

    b. 10% ($232,500) – 50 days of the agreement;

    c. 10% ($232,500) – 100 days of the agreement;

    d. 10% ($232,500) – 150 days of the agreement;

    e. 20% ($465,000) – Prior-to-Ship from factory;

    f. 20% ($465,000) – Upon arrival at customer's factory;

    g. 15% ($348,750) – Machine power up;

    h. 5% ($116,250) – Final amount due within 45 days operation after completion of Training-Commissioning

(Exhibit F, FC Series Contract at p. 5).

36. From September, 2021 through December, 2022, Solar Seal and/or Naverra made payments to Glaston Finland with respect to the FC Series Contract in the amount of $2,208,750.00 leaving a balance of $116,250.00.

37. Pursuant to the Conditional Acceptance Protocol dated December 19, 2022, the FC Series Furnace was delivered to "Solar Seal Architectural LLC" at "the Buyer's premises in Norwich, United States". A true and correct copy of the Conditional Acceptance Protocol signed by Jeremy Ozen is attached hereto as **Exhibit H**.

38. The FC Series Furnace was delivered on or about June 15, 2022 to the Norwich Location and was accepted by Solar Seal Architectural n/k/a Naverra as evidenced by the Conditional Acceptance Protocol.

39. In accordance with the FC Series Contract, the remaining balance due and owing Glaston Finland in the amount of $116,250.00 was to be paid by February 8, 2023. A true and correct copy of Invoice Number 6202762 dated February 8, 2023, evidencing the outstanding balance (exclusive of interest, late fees and penalties) is attached hereto as **Exhibit I**.

40. Despite repeated demands for payment since February, 2023, neither Defendant Solar Seal nor Defendant Solar Seal Architectural n/k/a Naverra have paid the amounts due Glaston Finland with respect to the FC Series Contract.

41. On April 11, 2023, Plaintiff Glaston Finland sent the Default Notice to Defendants Solar Seal and Naverra in accordance with Section 16.1 of the FC Series Contract and a 10-day opportunity to cure the outstanding arrearage. *See* Exhibit F.

42. The Defendants have failed to pay the amounts demanded in the Default Notice with respect to the FC Series Contract.

D. **The Glaston America Contracts with Glaston America**

43. From February 15, 2022 through December 14, 2022, Defendants Solar Seal and/or Naverra submitted a variety of purchase orders to Glaston America for spare parts needed for the Glaston TPS IG and the FC Series Furnace.

44. In addition, on February 9, 2022, Solar Seal submitted Purchase Order #0000523 for the purchase of an "8 x 6m Lightweight Craneway with Floor Mounted Steel Columns" (the "Craneway") at a cost of $44,074.00.  A true and correct copy of Purchase Order #0000523 is attached hereto as **Exhibit J**.  (The Craneway, together with the spare parts, are hereafter collectively referred to as the "Glaston America Equipment").

45. On February 15, 2022, Solar Seal and/or Naverra made a down-payment of $22,037.00 with respect to the purchase of the Craneway, a custom, built-to-order machine made exclusively for Solar Seal and/or Naverra.

46. Pursuant to that certain Quotation and Purchase Agreement dated January 20, 2022 (the "Purchase Agreement) issued by Glaston America and accepted by Solar Seal and Naverra (as evidenced by, *inter alia*, Purchase Order #0000523), the Craneway is to be delivered to the Norwich location upon receipt of 40% of the purchase price.  (The Purchase Agreement, together with the purchase orders for spare parts are collectively referred to as the "Glaston America Contracts").  A true and correct copy of the Purchase Agreement is attached hereto as **Exhibit K**.

47. On October 13, 2022, Glaston America made demand for payment of 40% of the purchase price in accordance with the Purchase Agreement as evidenced by that certain invoice for deposit payment 200006604 (the "Invoice").  A true and correct copy of the Invoice is attached hereto as **Exhibit L**.

48. Despite demand for same, neither Defendant Solar Seal nor Naverra have remitted payment to Glaston America with respect to those amounts due on the Glaston America Contracts.

49. As of April 6, 2023, Defendant Solar Seal and/or Defendant Solar Seal Architectural n/k/a Naverra owed Glaston America a total of $23,178.82 with respect to the Glaston America Equipment. A true and correct copy of the Open Item List dated April 6, 2023 is attached hereto as **Exhibit M**.

50. On April 11, 2023, Plaintiff Glaston America sent the Default Notice to Defendants Solar Seal and Naverra and a 10-day opportunity to cure the outstanding arrearage. *See* Exhibit F.

51. The Defendants have failed to pay the amounts demanded in the Default Notice with respect to the Glaston America Contracts.

## COUNT ONE

**(PLAINTIFF GLASTON GERMANY'S BREACH OF GLASTON TPS IG CONTRACT AS TO DEFENDANTS)**

1.-51. Paragraphs 1 through 51 are reasserted and realleged as Paragraphs 1 through 51 of this Count One.

52. At all relevant times herein, Defendant Solar Seal and Defendant Solar Seal Architectural n/k/a Naverra were under common control and ownership.

53. Plaintiff Glaston Germany and Defendants, for good and valuable consideration, entered into a valid and enforceable contract on September 14, 2021, as subsequently modified by the Modified Purchase Order, for the purchase of the Glaston TPS IG from Glaston Germany in return for money payments by Defendants.

54. Glaston Germany has complied in all respects with its obligations under the Glaston TPS IG Contract, the Purchase Order and the Modified Purchase Order (collectively, the "Germany Agreement") to timely deliver a Glaston TPS IG machine in accordance with the terms of the Germany Agreement.

55. Solar Seal Architectural n/k/a Naverra has acknowledged that the Glaston TPS IG meets all requirements for production as required under the Germany Agreement and has accepted delivery of the Glaston TPS IG as evidenced by the Acceptance Report.

56. The Defendants have breached the Germany Agreement by, *inter alia*, failing to pay the amounts due under the Agreement in an amount exceeding $750,000.00.

57. As a direct and proximate result of the Defendants' breach, Plaintiff Glaston Germany has suffered and will continue to suffer damages which includes all amounts due under the Germany Agreement including interest, late fees and costs.

## COUNT TWO

### (PLAINTIFF GLASTON FINLAND'S BREACH OF FC SERIES CONTRACT AS TO DEFENDANTS)

1.-57. Paragraphs 1 through 57 are reasserted and realleged as Paragraphs 1 through 57 of this Count Two.

58. At all relevant times herein, Defendant Solar Seal and Defendant Solar Seal Architectural n/k/a Naverra were under common control and ownership.

59. Plaintiff Glaston Finland and Defendants, for good and valuable consideration, entered into a valid and enforceable contract on September 20, 2021, as subsequently modified, for the purchase of the FC Series Furnace from Glaston Finland in return for money payments by Defendants.

60. Glaston Finland has complied in all respects with its obligations under the FC Series Contract and the Conditional Acceptance Protocol (collectively, the "Finland Agreement") to timely deliver the FC Series Furnace in accordance with the terms of the Finland Agreement.

61. Solar Seal Architectural n/k/a Naverra has acknowledged that the FC Series Furnace meets all requirements for production as required under the Finland Agreement and has accepted delivery of the FC Series Furnace as evidenced by the Acceptance Report.

62. The Defendants have breached the Finland Agreement by, *inter alia*, failing to pay the amounts due under the Finland Agreement in an amount exceeding $116,000.00.

63. As a direct and proximate result of the Defendants' breach, Plaintiff Glaston Finland has suffered and will continue to suffer damages which includes all amounts due under the Finland Agreement including interest, late fees and costs.

## COUNT THREE

### (PLAINTIFF GLASTON AMERICA'S BREACH OF GLASTON AMERICA CONTRACTS AS TO DEFENDANTS)

1.-63. Paragraphs 1 through 63 are reasserted and realleged as Paragraphs 1 through 63 of this Count Three.

64. At all relevant times herein, Defendant Solar Seal and Defendant Solar Seal Architectural n/k/a Naverra were under common control and ownership.

65. From approximately February 15, 2022 through May 25, 2022, Plaintiff Glaston America sold certain equipment to the Defendants as evidenced by the purchase orders submitted by the Defendants in exchange for the promise of payment.

66. Glaston America has complied in all respects with its obligations under the Glaston America Contracts.

67. The Defendants have breached the Glaston America Contracts by, *inter alia*, failing to pay the amounts due in an amount exceeding $22,000.00.

68. As a direct and proximate result of the Defendants' breach, Plaintiff Glaston America has suffered and will continue to suffer damages which includes all amounts due under the Glaston America Contracts, including interest, late fees and costs.

## COUNT FOUR

### (PLAINTIFF GLASTON GERMANY'S CLAIM FOR UNJUST ENRICHMENT AS TO DEFENDANT NAVERRA)

1.-68. Paragraphs 1 through 68 are reasserted and realleged as Paragraphs 1 through 68 of this Count Four.

69. Assuming arguendo, that there is no actionable contract and that Plaintiff Glaston Germany is left with no adequate legal remedy, Plaintiff Glaston Germany's delivery of the Glaston TPS IG creates an obligation of Defendant Naverra to compensate Plaintiff for same.

70. Defendant Naverra has been unjustly enriched by its receipt of the Glaston TPS IG from Plaintiff Glaston Germany without paying reasonably equivalent consideration.

71. Defendant Naverra in equity and good conscience cannot retain this equipment in the absence of payment for same and should be compelled to pay Plaintiff Glaston Germany for the full value of the equipment received.

## COUNT FIVE

### (PLAINTIFF GLASTON FINLAND'S CLAIM FOR UNJUST ENRICHMENT AS TO DEFENDANT NAVERRA)

1.-71. Paragraphs 1 through 71 are reasserted and realleged as Paragraphs 1 through 71 of this Count Five.

72. Assuming arguendo, that there is no actionable contract and that Plaintiff Glaston Finland is left with no adequate legal remedy, Plaintiff Glaston Finland's delivery of the FC Series Furnace creates an obligation of Defendant Naverra to compensate Plaintiff for same.

73. Defendant Naverra has been unjustly enriched by its receipt of the FC Series Furnace from Plaintiff Glaston Finland without paying reasonably equivalent consideration.

74. Defendant Naverra in equity and good conscience cannot retain this equipment in the absence of payment for same and should be compelled to pay Plaintiff Glaston Finland the for the full value of the equipment received.

## COUNT SIX

### (PLAINTIFF GLASTON AMERICA'S CLAIM FOR UNJUST ENRICHMENT AS TO DEFENDANT NAVERRA)

1.-74. Paragraphs 1 through 74 are reasserted and realleged as Paragraphs 1 through 74 of this Count Six.

75. Assuming arguendo, that there is no actionable contract and that Plaintiff Glaston America is left with no adequate legal remedy, requiring Plaintiff Glaston America to deliver the Glaston America Equipment creates an obligation of Defendant Naverra to compensate Plaintiff for same.

76. Defendant Naverra has been unjustly enriched by its receipt of the Glaston America Equipment from Plaintiff Glaston America without paying reasonably equivalent consideration.

77. Defendant Naverra in equity and good conscience cannot retain this equipment in the absence of payment for same and should be compelled to pay Plaintiff Glaston America the remaining amount due and owing under the Glaston America Contracts.

## **COUNT SEVEN**

### (PLAINTIFFS' CLAIM AGAINST DEFENDANTS FOR VIOLATION OF CONNECTICUT UNFAIR TRADE PRACTICES ACT)

1.-77.  Paragraphs 1 through 77 are reasserted and realleged as Paragraphs 1 through 77 of this Count Seven.

78.  Defendants Solar Seal and Naverra were engaged in the conduct of a trade or commerce in the State of Connecticut.

79.  At all relevant times herein, Defendants Solar Seal and Naverra were prohibited by Section 42-110(b) of the Connecticut General Statutes from engaging in unfair or deceptive acts or practices in the State of Connecticut.

80.  Defendants Solar Seal and Naverra have engaged in unfair and deceptive acts or practices prohibited by Section 42-110(b) of the Connecticut General Statutes.

81.  Defendants Solar Seal and Naverra have shown reckless indifference to the rights of the Plaintiffs.

82.  Defendants Solar Seal and Naverra have shown an intentional and wanton violation of the Plaintiffs' rights.

83.  The conduct of Defendants Solar Seal and Naverra was unfair, immoral, unethical, oppressive or unscrupulous and constitutes a violation of the Connecticut Unfair Trade Practices Act, General Statutes Section 42a-110a *et seq*.

84.  As a result of the actions of Defendants Solar Seal and Naverra, the Plaintiffs have suffered an ascertainable loss of money and property.

85. Pursuant to Conn. Gen. Stat. § 110g(c), a copy of this complaint has been mailed to the Attorney General for the State of Connecticut and the Connecticut Commissioner of Consumer Protection.

NOW, WHEREFORE, the Plaintiffs request the following relief:

## COUNT ONE

1. Judgment in the amount of any and all indebtedness due and owing under the Germany Contract;

2. All costs, and fees, including reasonable attorneys' fees, incurred by the Plaintiff Glaston Germany in this action; and

3. Such further relief as equity may require.

## COUNT TWO

1. Judgment in the amount of any and all indebtedness due and owing under the Finland Contract;

2. All costs, and fees, including reasonable attorneys' fees, incurred by the Plaintiff Glaston Finland in this action; and

3. Such further relief as equity may require.

## COUNT THREE

1. Judgment in the amount of any and all indebtedness due and owing under the Glaston America Contracts;

2. All costs, and fees, including reasonable attorneys' fees, incurred by the Plaintiff Glaston America in this action; and

3. Such further relief as equity may require.

## COUNT FOUR

1. Judgment in the amount of any and all indebtedness due and owing with respect to the sale of the Glaston TPS IG;

2. All costs, and fees, including reasonable attorneys' fees, incurred by the Plaintiff Glaston Germany in this action; and

3. Such further relief as equity may require.

**COUNT FIVE**

1. Judgment in the amount of any and all indebtedness due and owing with respect to the sale of the FC Series Furnace;

2. All costs, and fees, including reasonable attorneys' fees, incurred by the Plaintiff Glaston Finland in this action; and

3. Such further relief as equity may require.

**COUNT SIX**

1. Judgment in the amount of any and all indebtedness due and owing with respect to the sale of the Glaston America Equipment;

2. All costs, and fees, including reasonable attorneys' fees, incurred by the Plaintiff Glaston America in this action; and

3. Such further relief as equity may require.

**COUNT SEVEN**

1. Judgment in the amount of actual damages incurred by the Plaintiffs arising from the Defendants' unfair and deceptive trade practices;

2. Punitive damages, costs and reasonable attorneys' fees under Connecticut General Statutes Section 42a-110a; and

3. Such further relief as equity may require.

                    **PLAINTIFFS**
                    **GLASTON GERMANY GmbH,**
                    **GLASTON FINLAND OY, and**
                    **GLASTON AMERICA, INC.**

By: /s/Kristin B. Mayhew
      Kristin B. Mayhew (ct20896)
      Timothy G. Ronan (ct06310)
      Pullman & Comley LLC
      850 Main Street
      Bridgeport, CT 06601-7006
      Tel: (203) 330-2000
      Fax: (203) 576-8888
      Email: kmayhew@pullcom.com
      tronan@pullcom.com